<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FRANCISCO REYES, | : | |
| | : | |
| Petitioner, | : | Civ. Action No. 12-3492 (ES) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| GARY M. LANIGAN, et al., | : | |
| | : | |
| Respondents. | : | |

<u>SALAS</u>, District Judge

Petitioner Francisco Reyes ("Petitioner"), a civilly committed individual, submitted a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (D.E. No. 1, "Petition" or "Pet."). For the reasons detailed below, his Petition will be dismissed as time-barred or, alternatively, as substantively meritless.[1]   No certificate of appealability will issue.

I.    BACKGROUND

On January 18, 1990, Petitioner was charged with multiple instances of kidnapping, aggravated sexual assault, aggravated criminal sexual contact, terroristic threats and endangering the

---

[1]

The Petition arrived accompanied by a filing fee of $350.00. (D.E. No. 1).   However, the filing fee applicable to habeas petitions is $5.00.   "The [C]lerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $ 350 except that on application for a writ of habeas corpus the filing fee shall be $ 5."   42 U.S.C. § 1914(a).   Therefore, the Court will direct the Clerk to remit $345.00 difference to Petitioner.

welfare of a child.  *See State v. Reyes*, No. A-3384-09T2, 2011 WL 255551, at *1 (N.J. Super. Ct. App. Div. Jan. 28, 2011).  On May 21, 1990, Petitioner pled guilty to one count of kidnapping and one count of aggravated sexual assault in exchange for the State's dismissal of all remaining charges and recommendation of a maximum term of twenty years imprisonment, with ten years of parole ineligibility.  *See id.*  Sentenced on February 24, 1992, Petitioner appealed his sentence as excessive; the Superior Court of New Jersey, Appellate Division ("Appellate Division"), affirmed the lower court's determination on October 19, 1993.[2]  *See id.* at *2.

On December 23, 2002, Petitioner was paroled and, being deemed a sexual violent predator, pursuant to the Sexually Violent Predator Act ("SVPA"), N.J. Stat. Ann. 30:4-27.24 to 30:4--27.38 (a provision enacted after Petitioner took his plea), was transferred to a certain Special Treatment Unit ("STU").  *See id.* at *1.  On July 21, 2008, more than five years after his transfer to the STU, and seventeen years after his conviction, Petitioner filed an application seeking post-conviction relief ("PCR").  *See id.*  On August 21, 2009, that application was denied, as untimely, by the Superior Court of New Jersey, Law Division.  (Pet. ¶ 12).  That denial was affirmed by the Appellate Division on January 28, 2011.

---

[2]
    It appears that Petitioner did not seek certification from the Supreme Court of New Jersey as to his direct appeal.

*Reyes*, 2011 WL 255551, at *2.  On June 30, 2011, the Supreme Court of New Jersey denied certification.  (Pet. ¶ 9).

The within Petition followed, being executed more than ten months after that denial of certification, on June 5, 2012.  (Pet. ¶ 18).  Here, Petitioner raised six grounds paraphrasing two claims.  In grounds one and five, he asserted that the state courts erred in concluding that his PCR application was untimely under the state law.  (Pet. ¶ 12).  In grounds two, three, four, and six, Petitioner claimed that–had the state courts reached the merits of his PCR challenges rather than dismissing them as untimely–the state courts would have equally erred had they found that application of the SVPA to Petitioner did not violate his rights under the Ex Post Facto Clause, or had they found that the decision in *State v. Bellamy*, 178 N.J. 127 (2003), was applicable to him. (Pet. at 8-13, 16-21).

## II.  DISCUSSION

### A.    The Petition is Untimely

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court."  28 U.S.C. § 2244(d)(1).  However, "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending shall not be counted toward [this] period of limitation." 28 U.S.C. § 2244(d)(2). Thus, evaluation of the timeliness of a § 2254 petition requires a determination of when the relevant judgment of conviction became "final" and, in addition, whether the PCR application was "properly filed" for the purposes of statutory tolling.

A state court criminal judgment becomes final within the meaning of § 2244(d)(1) upon conclusion of direct review or upon the expiration of time to seek such review. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999). Here, Petitioner's judgment of conviction became final upon expiration of his time to seek certification from the Supreme Court of New Jersey as to his direct appeal, i.e, twenty days from October 19, 1993,[3] thus triggering his one-year AEDPA period of limitations, which expired on November 8, 1994. Alternatively, if this Court were to: (a) presume that Petitioner's SVPA challenges ripened only upon his December 23, 2002 transfer to the SHU, and (b) calculate his AEDPA period accordingly, Petitioner's one year period of limitations would be deemed expired on December 22, 2003.

---

[3]

Under New Jersey Court Rules, a litigant is required to file a notice of petition for certification within 20 days of the Appellate Division's adverse ruling. *See* N.J. Ct. R. 2:12-3(a).

To statutorily toll the limitations period pursuant to Section 2244(d)(2), a PCR application must be "properly filed." *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (PCR petition rejected as untimely under state statute of limitations cannot be deemed "properly filed" and, thus, cannot trigger statutory tolling of § 2244(d)(2)).

Here, Petitioner's filing of PCR application on July 21, 2008, could not toll his AEDPA period since that filing was executed after his AEDPA period of limitations expired: almost fourteen years from November 8, 1994 (or, alternatively, more than four and a half years after December 22, 2003). Thus, for purposes of this Court's timeliness analysis, Petitioner's PCR filings are of no consequence.

In addition to statutory tolling, the limitations period of § 2244(d) is also subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010), *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (a) that he has been pursuing his rights diligently, and (b) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. Importantly, unlike in state PCR proceedings, a litigant's excusable neglect does not warrant equitable tolling. *See Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003); *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999); *contra* N.J. Ct. R. 3:22-12(a)(1)

(allowing equitable tolling upon finding of excusable neglect).[4]
Here, Petitioner's equitable tolling assertions failed to satisfy
the state law's lenient standard and, thus, necessarily fail under
the AEDPA.    Therefore, this Court has no basis to grant him
equitable tolling, and his Petition should be dismissed as
untimely.

**B.    Substantive Shortcomings**

1.    **Assertions of Errors in State Law**

Even if the Court were not to consider the untimeliness of
Petitioner's application, his Petition warrants no relief.
Petitioner's challenges to the state court's application of the PCR
period of limitations (or his hypothesis as to the lower state
courts' potential misreading of *State v. Bellamy*, 178 N.J. 127)
fail to raise a question cognizable in federal habeas review.

---

[4]

While a litigant's bases for equitable tolling satisfying the
stringent AEDPA requirements necessarily provide bases for
equitable tolling under state law, the opposite is not true: a
state grant of equitable tolling might be insufficient for the
purposes of the AEDPA.    However, where the state courts addressed
a litigant's contentions seeking equitable tolling and found them
insufficient under the lenient state law standard, the litigant's
contentions necessarily fail under the AEPDA.    *See Laster v. N.J.
State Parole Bd.*, No. 10-1830, 2012 WL 2839372, at *5 (D.N.J. July
10, 2012) ("[W]hen Petitioner tried to prosecute his challenges out
of time in state court, the Appellate Division and the Supreme
Court of New Jersey found Petitioner's application without merit
even under the lenient — and not cognizable on federal habeas
review — standard of excusable neglect.    Thus, he cannot meet the
stringent equitable tolling requirement posed in federal court, and
his Petition cannot qualify for equitable tolling"); *accord
Holland*, 130 S. Ct. at 2562 (relying on *Pace*, 544 U.S. at 418).

"[E]rrors of state law cannot be repackaged as federal errors." *Johnson v. Rosemeyer*, 117 F.3d 104, 110 (3d Cir. 1997). "[I]t is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." *Smith v. Horn*, 120 F.3d 400, 414 (3d Cir. 1997) (citation omitted); *see also Smith v. Zimmerman*, 768 F.2d 69, 73 (3d Cir. 1985). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); 28 U.S.C. § 2254(a); *accord Engle v. Isaac*, 456 U.S. 107, 119-120 (1982); *Barry v. Bergen Cnty. Prob. Dept.*, 128 F.3d 152, 159 (3d Cir. 1997). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Smith v. Phillips*, 455 U.S. 209, 221 (1982). Thus, to the extent Petitioner relies on state law, or asserts the state courts' misapplication of state law, his Petition shall be dismissed for failure to raise a federal question.

### 2.   *Ex Post Facto* Challenges

To the extent Petitioner seeks to assert that the enactment of the SVPA after Petitioner's guilty plea (and/or the application of the SVPA to Petitioner after his completion of his prison term) violated his federal ex post facto rights, his position is without merit.

In *Bellamy*, 178 N.J. 127, the New Jersey Supreme Court determined that commitment under the SVPA is regulatory, not penal. "The Act focuses on a sex offender's mental condition and the dangers posed to the public. Although the confinement is onerous and has some punitive impact, that impact is the 'inevitable consequence of the regulatory provisions.' That is, the impact is not solely attributable to a punitive legislative intent." *Id*. at 138 (citations omitted); *accord In re Commitment of J.M.B.*, 197 N.J. 563, 577 (2009) ("the SVPA is not part of the criminal code and it has been clearly determined that civil commitment under the SVPA is not punitive") (citing *Bellamy*, 178 N.J. at 138). The New Jersey Supreme Court's classification of the SVPA as a civil provision necessarily bars Petitioner's ex post facto claims.

In *Kansas v. Hendricks*, 521 U.S. 346 (1997), the Supreme Court examined Kansas's Sexually Violent Predator Act, a legislation substantively indistinguishable, for purposes of the analysis at hand, from the SVPA. The Supreme Court held:

> [t]he categorization of a particular proceeding as civil or criminal is first of all a question of statutory construction. We must initially ascertain whether the legislature meant the statute to establish "civil" proceedings. If so, we ordinarily defer to the legislature's stated intent . . . . Although we recognize that a civil label is not always dispositive, we will reject the legislature's manifest intent only where a party challenging the statute provides the clearest proof that the statutory scheme [is] so punitive either in purpose or effect as to negate [the State's] intention to deem it civil. In those limited circumstances, we will consider the statute to have established criminal proceedings for constitutional

purposes.   [Petitioner here], however, has failed to satisfy this heavy burden [since all properties of Kansas' Sexually Violent Predator Act indicate that it is not a penal provision].

*Hendricks*, 521 U.S. at 361 (citations and quotation marks omitted).

The Supreme Court further elaborated on the same in *Seling v. Young*, 531 U.S. 250 (2001).  There, the Court examined the State of Washington's version of the SVPA (substantively identical to Kansas's Sexually Violent Predator Act and the New Jersey SVPA) and ruled that, where the state's highest court has determined that commitment under the state's SVPA is civil, e.g., regulatory, that determination precludes an inmate's ex post facto challenge based on the punitive consequences of the act. *Selig*, 531 U.S. at 263-64. "Permitting respondent's as-applied challenge would invite an end run around the [state's] Supreme Court's decision that the Act is civil in circumstances where a direct attack on that decision is not before this Court." *Id*.

Since the Supreme Court of New Jersey unambiguously ruled that the New Jersey SVPA is a civil provision, the state courts' substantive dismissal of Petitioner's ex post facto challenges–had such dismissal been made on merits rather than on the basis of untimeliness–would not be an unreasonable application of the governing Supreme Court precedent. *See, e.g., Talbert v. Goodwin*, No. 07-4101, 2009 WL 223710, at *7-8 (D.N.J. Jan. 29, 2009) (holding that SVP is not entitled to habeas relief on claims that

the SVPA violates ex post facto clause). Thus, the Petition at bar is also subject to dismissal on the merits.

## III. CERTIFICATE OF APPEALABILITY

The Court must now determine whether a certificate of appealability ("COA") should issue. See Third Cir. L. App. R. 22.2. The Court may issue a COA only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds, the litigant must demonstrate that reasonable jurists would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

Here, the Court determined that the Petition should be dismissed as untimely. The Court is persuaded that reasonable jurists would not debate the correctness of this conclusion. Thus, no certificate of appealability shall issue under Slack.

In addition, the Court examined Petitioner's claims on the merits. Consequently, a different certificate of appealability analysis applies to the Court's substantive determinations. Just

10

as with claims dismissed on procedural grounds, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), but "[a] petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, Petitioner failed to make a substantial showing of the denial of a constitutional right, and the Court is persuaded that reasonable jurists would not disagree with this conclusion. Therefore, no certificate of appealability shall issue under *Miller-El*.

## IV.   CONCLUSION

For the foregoing reasons, the Petition will be dismissed as untimely or, alternatively, as substantively meritless. No certificate of appealability will issue. The Clerk will be directed to remit $345.00 to Petitioner. An appropriate Order accompanies this Opinion.

_____
Esther Salas,
United States District Judge

Dated: 2/4/13

11